Good morning to everyone. When your case is called, we'd appreciate it if the attorneys who are going to orally argue the case, if you'd step up to the podium, introduce yourselves to the court. Please call the first case. 12-0711 Bayview Loan Servicing, LLC v. Mark Laskowski and all. Attorney for the appellant. Yes, Your Honor. Fardy or Fard? Fard. F isn't Frank. A-R-D isn't David. Thank you. Good morning, Justice. James Noonan on behalf of the Plaintiff Appellee Bayview Loan Servicing. Okay. Both sides will have 15 minutes for oral argument. Of course, appellant, you'll want to reserve some of that time for your rebuttal. That's correct. I'd like to reserve five minutes if possible. Okay. Very well. We're very, very liberal in the time. There will be very little time restraints. Just make sure you tell us your main points, and I'd appreciate it if you have your strongest points mentioned early on. Okay? Thank you. Okay. Appellant, please proceed. Justices, may it please the Court, my name is Fardy or Fard. I am before you today representing the intervener appellant, 2010 Real Estate Foreclosure, LLC. The appeal before the Court today stems from the lower court's denial of intervener's motion to vacate confirmation of sale under 735 ILCS Section 1301E. The issues on appeal before your honors today are twofold. First, whether plaintiff Bayview Loan Servicing, LLC's failure to register as a collection agency pursuant to the Illinois Collection Agency Act nullifies its complaint. Can I just get one thing out of the way to answer this? There was a reference to whether there was a bankruptcy action, and if there was, there would have been an automatic stay. That is not involved in this case at this time? No, Your Honor, it is not involved in this case. So, Your Honors, the first issue generally deals with plaintiff's registration or failure to register, I should say, under the Illinois Collection Agency Act. And the second issue before your honors today deals with the issues involving the Liz Pendens filed by a plaintiff prior to its initiation of the foreclosure action. Turning to the first issue, Your Honors. Was it you that came in on a 1301 motion? Yes, Your Honor, that's correct. You want to address yourself to the propriety of whether or not this falls within 1301E, or if we're deciding this under 15-1508? Your Honor, at the time, it is our contention that the underlying motion was appropriately filed under 1301E, insofar as it was, we had filed the motion within 30 days of the order confirming the sale. The section that Your Honor referenced, it's my understanding, it deals with reconsiderations of final judgments. And we were, given our status as an intervener in this case, we thought it would be, it would not be appropriate, because we weren't a true party to the action. A motion for reconsideration on the merits perhaps was not the best avenue. We moved under 1301 on the basis that the filing of the lawsuit and all orders flowing therefrom were void under LVNV and its progeny, and its predecessor cases, including Ford Motor. What was the procedural aspect of the case? Was there sale allowed already, or where were we? Yes, Your Honor. So you were asking to have that reviewed by the court, correct, the sale? The plaintiff filed a motion to confirm the sale. We filed, that motion was granted. We filed a motion to vacate that confirmation of sale. That's 1301. Yes, sir. Okay. Now, there's a case out there from another district called Barnes. And Barnes says that you can only proceed under 15-1508. Comment on that, please. Your Honor, I'm not prepared to discuss the Barnes opinion before this panel today. I apologize to the panel. If there is any additional briefing the panel would like, I would be happy to indulge the panel. Proceed as you wish. Well, let me ask this, counsel. Are we to consider the standards set up in 15-508 or not? In the courts, it instructs the courts what's to be considered in reviewing such a thing. So that's not a consideration for us now? I believe 15-508 deals with the basis upon which a confirmation of sale may be challenged. And, Your Honors, we are respectfully submitting that when the basis for the challenge sounds in, say, a jurisdictional issue or an issue of nullity, as we have proposed in our appeal, that we are not bound by the parameters of the, not necessarily bound by the parameters of the IMFL. Is there a case you have on point? Your Honor, at this time I'm not prepared to identify a case for the Court. Thank you. Turning back to the first point, Your Honors, dealing with plaintiffs' registration under the Illinois Collection Agency Act. If the Court takes a very plain text, simple reading of the Illinois Collection Agency Act, specifically the definition of a debt collector or a collection agency as provided for under Section 2 of the Act, we see a definition which states any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. We contend that this definition encompasses plaintiff, Bayview Loan Servicing. And if we look to the record, we see that Bayview Loan Servicing itself identified as a debt collector under the Illinois Collection Agency Act. This fact is made clear by its August 2, 2010, registration with the Illinois Department of Finance and Professional Regulation as a debt collector. Now, we don't have within the record today the applications filed by Bayview with the Illinois Department of Finance and Professional Regulation. But what we do frequently see in these applications are statements made under Bayview Loan Servicing. And this is a case in which a bank in the state of Illinois, in order for the applying entity to secure a license. Counsel, when a bank attempts to collect on a mortgage, are they considered debt collectors? It depends. I'll give one or two examples. I think in the ordinary course of my understanding, I should say, of what a bank is, a bank's primary business is to lend money, provide checking accounts, savings accounts, CD accounts. It's not the ordinary course of business for a bank is not per se debt collecting as defined under the Collection Agency Act. Now, we may have a scenario where the ordinary course of the bank's business sounds more in collection activity than it does in what I believe to be traditional banking activities. Now, if we take a look at Section 2.03 of the Collection Agency Act, it provides 11 exemptions to businesses whereby those businesses don't have to register under the Collection Agency Act. And when we look at the first exemption, it clearly says banks. And it would lead one to the very reasonable conclusion that banks should be wholesale excluded from the Collection Agency Act. But if we look just a little bit further in Section 1, there is a parenthetical which says, except those who own or operate collection agencies. It's our contention that with that parenthetical, the Illinois General Assembly at least contemplated a situation where a bank could own or operate a collection agency. So what's the situation here? Is Bayview owned or operated by the bank? Your Honor, the record is not entirely clear on this fact. Based on what I have seen in the record, and my counsel for appellee might be able to shed some light on this, it appears that Bayview is acting as the loan servicer for city mortgage. There is no indication that Bayview owns this debt. Whose burden is it to show what the status of Bayview is? Well, Your Honor, within the context of a 1301 motion, my client was the movant. It would have been my client's burden to demonstrate that Bayview was acting the facts surrounding Bayview's role. Did they own the debt? Were they just servicing the debt? As it is, and it's slightly unfortunate. The one who objects to the sale has the burden. Correct, Your Honor. Let me ask, in the license issued to Bayview by the State of Illinois, there's a statement that says, Upon being licensed as an Illinois residential mortgage licensee, licenses are approved to conduct only those licensable activities such as operating, funding, purchasing, and servicing on file with the department. It doesn't say anything about the collections. And so it's your burden to prove that this was a collection agency. But if you take a look just at the caption of the case, Bayview is the servicer, and then you have yourself as interveners, and then you've got Bank of Commerce and Pacific Realty. That says the Pacific Realty is under the mem ñ the caption says under the memorandum and affidavit of applicable interest. So in terms of collections, you get a split between a holder of the legal title who will sell the cell and then the equitable title holder who receives the funds. So even by the way this is done, it splits off ñ it splits this off so that it doesn't appear to jive with your contention that this is a collection agency. There was no ñ can you point to anything that says that there was any type of collection activity allowed under either licensing or through the way you read the ñ the way the parties are aligned in this case? Justice Simon, I understand the court's position on that issue. I would only very respectfully provide a point of caution for the court that in the caption where you see a defendant identified as Pacific Realty Group, LLC, under memorandum and affidavit of equitable interest recorded as document number, et cetera, et cetera, and this is in the record. The original borrower is a gentleman named Mark Leskowski. He had a penchant for filing wild documents with the Cook County Recorder of Deeds. And so I would only ñ Is that in the record? It is. Actually, in our brief when we filed the appendix, the summary of the record on appeal, there are large blocks of documents which we say are improperly filed by Mr. Leskowski with the court and with the Cook County Recorder of Deeds. The title abstract for this property and the court file is completely and utterly in shambles because of what we contend is a rogue litigant, if you will. So, Mr. Farr, would you agree with me that the standard that we're ñ that we have before us is going to be an abuse of discretion one for the trial court, correct? Your Honor. Whether or not the trial court abused its discretion. Your Honor, in our brief, we took the position that the standard of review was a de novo standard of review. And why is that? In so far as that this is a question of law that we were asking the court to provide some guidance on. Okay. The trial court concluded that there was insufficient evidence indicating that the only service in here were the actions of a collection agency. Can you tell me what evidence was presented to the trial court that, in fact, this was actions of a collection agency? The record ñ what was the evidence that was presented which we can cite to say the circuit court went wrong? Your Honor, the record is very short. There's minimal evidence. I will just put it ñ I could not put my finger on a piece of specific evidence to answer Your Honor's question. But I will say that one of the forms of relief that we seek is to have this matter remanded for further hearing on the very narrow issue of what is Bayview Loan Servicing. In what capacity were they acting? And do they fall within any of these enumerated exemptions? We respectfully submit that the presiding judge over appellant's motion did not However, Your Honor, appeal after sale and the burden of proof before the trial court is to prove sufficient grounds upon which the trial court can disapprove the judicial sale. That's what we're reviewing. Whether or not the trial court's order was proper or not. I tend to think we ñ it's an abuse of discretion standard. You wish to urge that it's de novo. But unless you can point out for us evidence that the court did not consider this matter to be an abuse of discretion, I don't see how we can send this back as a reversal. So please tell me what basis you propose that we would do so. Your Honor, I would emphasize that the real basis of our ñ the basis of our argument here is really one sounding in a jurisdiction. It's a ñ I suppose it could ñ it's a jurisdictional issue or an issue of capacity that similar to a perhaps, you know, a foreign LLC that doesn't register with the State of Illinois. There are some LLC statutes that there's an LLC provision that says that entity lacks capacity to use the Illinois court systems. Our argument here is that when a plaintiff is required to register under the Collection Agency Act, it's ñ it's filing of the ñ it does not have the capacity to bring the lawsuit. And to the extent that it does bring the lawsuit, it's a nullity. It's void. And, Your Honor, I apologize if I'm not able to answer your question as directly as you would like. I want you to have sufficient rebuttal time, so I suggest you conclude. Thank you, Your Honor. With Your Honor's permission, I'd like to reserve the balance of my time for rebuttal. That will be granted. Thank you. Good morning, Justices, Counsel. James Noonan on behalf of the appellee and the plaintiff in the underlying foreclosure action, Bayview Loan Service. I'd like to address, if I may, a couple of comments your justices made in connection with the appellant's argument. The first is the ñ what is the standard of review here? And it is clearly under 213.01, an abuse of discretion. So the question is, did the trial court abuse its discretion in denying the motion to vacate the order of confirmation? From there, I think we need to look at this district's ruling on issues in foreclosure specifically the Mears v. Barnes matter and its progeny. And Mears v. Barnes, as your justices know, are where basically stands for the proposition. That's our district's opinion, Barnes case. I'm sorry? The Barnes case. First district. That's our first ñ I believe earlier I might have misspoke, saying it was from another district. It's Barnes that's from our district. That's correct. And Barnes stands ñ sorry ñ Barnes stands for the proposition that once the hammer falls on the sale, on a judicial sale, that the litigant cannot use 1301 to set aside that sale, because as this court held, that would effectively do an end run around the Illinois Mortgage Foreclosure Act. And when the provisions of 1301 and 1508B of the Illinois Mortgage Foreclosure Act were examined, it was determined that the Mortgage Foreclosure Act has to prevail in that instance to preclude a litigant from moving to set aside a foreclosure sale after the hammer falls. Counsel, isn't there a specific provision in the Mortgage Foreclosure Act that says if there's an inconsistency between the code and the Mortgage Foreclosure Act, the Mortgage Foreclosure Act would, you know, supersede what the code says? Yes. Your Honor, it's section 1107A, I believe, which provides that any inconsistencies between the Civil Practice Act and the Illinois Mortgage Foreclosure Act have to be resolved in the form of a letter. The ñ so the fact is that the intervener here was involved in this case, was aware of these issues well before the time it brought its motion. And moreover, as an intervener, it takes subject to all of the orders that had been previously entered in the case. So it is no excuse or defense to claim that it is a new party to the action and therefore didn't have the benefit of litigating the case earlier. It's presumed that it was in the ñ once it was granted leave to intervene, it is presumed it was in the case from the beginning. Therefore, I think the holding in Merz v. Barnes does preclude this Court from hearing any arguments and any contention or attack on the order approving sale. Counsel, as an LLC, what document is this Bayview Loan file that the Secretary stated? It's ñ well, I mean, it's a ñ it is a licensed LLC under the Illinois License LLC Act, so it files an article ñ you know, articles of incorporation. But more importantly, we have here ñ and this will come to my next argument ñ is that Bayview Loan Servicing is a licensee under the Residential Mortgage Licensee Act, which entitles it to do everything that it's done in this case and more. It entitles it to loan and originate mortgage loans. And as Your Honor mentioned a few moments ago, the exception to the Illinois Credit Collection Agency Act includes an exception for lending or finance companies. So by holding that license, Bayview is exempt from the purview of the Illinois Collection Agency Act. Furthermore, Bayview would be exempt from the purview of the Collection Agency Act because it is a fiduciary. As an agent for the holder of this mortgage, Citibank, it is entitled to bring this action and it is entitled to the exemption under the Section 2.03 of the Collection Agency Act. Finally ñ The term ìservicerî is not really defined, is it? The term ìservicingî is defined in the Residential Mortgage Licensee Act, but it is not defined in the Collection Agency Act. The fact that ñ and I think the Court needs to take ñ or should take notice of the fact that because the General Assembly and our legislature had already determined that a licensee, only a licensee, is entitled to engage in mortgage loan servicing under the Residential Mortgage Licensee Act, that it has effectively taken this area of the law, this area of the mortgage origination business, and included it in its own licensing parameters. So the fact that ñ I think the short answer to all this is the fact that Bayview holds a residential mortgage license exempts it from the coverage of the Illinois Collection Agency Act. As to the list pendants notice? As to the list pendants, very briefly, the form of the list pendants complies with Section 15-1503 of the Illinois Mortgage Licensing Act. It identifies the mortgage that is being foreclosed in this action. I donít see how anybody could have misread that. I think itís very clear that the subject mortgage is the one that is being foreclosed. And if there was any errors with the county recorderís office in how they conveyed the information for the list pendants onto the website, that has certainly nothing to do with the fact that this list pendants was in proper form. Unless your honors have any further questions, I have no other matters. Counsel, can I ask you to address your opponentís argument about this is an issue of jurisdiction and capacity versus the review of the 1399? Well, I will concede counselís point that if the foreclosure judgment is void, then your honors would be entitled to consider this issue. The same way that if there was no personal service on a defendant in the case it could be brought later on. It would not be implicated by, I think, the Barnes rule. But here, again, we go back to the issue as we were entitled to bring this and we were not entitled. We were not obligated to obtain a license under the collection agency. The final point I guess I really want to make is that although Iím sympathetic to the position the appellants find themselves, when a party bids at a mortgage foreclosure sale, the hoary concept of caveat emptor still applies. So, you know, there is a matter of due diligence here that I think was lacking on the appellantsí part. The list pendants here clearly identify the mortgage that was being foreclosed and I donít think there was any errors in the record that would preclude this court fromÖ But they bought the wrong mortgage. Thank you, Mr. Neville. Mr. Noonan. Noonan, excuse me. Thank you. Mr. Farr, you have five minutes. Your honors, I would like to touch on just one or two issues raised by Mr. Noonan. Iíd like to start with the Residential Mortgage Licensing Act. Thereís nothing in the, Iíll refer to it as the RMLA, which indicates that it is the sole governing statutory scheme for what we call loan servicers. In fact, thereís nothing in either the RMLA or the Collection Agency Act to hint that they are mutually exclusive. And in fact, whatís in the record is that plaintiff is, appears to be licensed under the RMLA, but they also took that extra step of registering under the Collection Agency Act in August of 2010. And as I mentioned earlier, that act, by doing that, plaintiff is self-identified. Itís essentially saying to the world, ìWe are a debt collection agency, and that is why we are going to register with the Illinois Department of Finance and Professional Regulations.î Also, just still on the RMLA, we have several instances in business where a business would have to register with multiple agencies. We have the plaintiff in this case registering under the RMLA. We also have them registering with the Illinois Secretary of State as a foreign entity. There might be other registrations that plaintiff undertakes. So I would respectfully submit that the argument that registration with the inquiry ends because there was a registration under the RMLA may be misplaced. It is misplaced under our contention. Counsel, do we go back to the argument that the burden was on you as the objector to show this in court, in trial court? Thatís correct, Your Honor. The burden was on the movant, the appellant in this case. However, within the transcript of proceedings when the arguments were offered to the under the judge below, the Honorable Jesse Reyes, there were requests made that the matter be continued for a short period of time so that perhaps limits of discovery could be taken on this specific issue. My client, by virtue of its own mistake or whatever the case might be, was under a tremendous amount of financial pressure and pressure as far as timing was concerned. So at the time we filed the Section 1301 motion to vacate, we really didnít have the benefit of, you know, taking 60 days or 90 days to conduct any type of meaningful discovery into what Bayview is with respect to the Illinois Collection Agency Act. Counsel, let me ask this. When was the motion filed? Just generally, was it heard like the next week after you filed it? Wasnít there time to do some investigating? The underlying motion was filed on October 24th, 2011. It was presented before the trial judge on November 22nd, 2011, and it was ultimately denied on January 27th, 2012. Counsel, 2010 real estate foreclosure LLC, which is the intervenor appellant, LLCs have to have an operating agreement, and in that operating agreement it has to identify who the manager of the LLC is. Who is that manager? Your Honor, I have a ñ I think I know who it is. I donít know if itís appropriate for me to speculate on this issue. If the Court would like, I can offer to the Court who I believe the manager is, the name of that individual, if the Court would like. I will do that. I believe itís an individual named Geraldo Roman, R-O-M-A-N. Is there anything further, sir? No, Your Honor. Just one final point. I wanted to bring to the Courtís attention that this was recent non-binding authority, and frankly, I donít know if it helps or hurts my clientís position, but there was ñ the LVNV case was remanded back to Judge Moultz. He was the presiding trial court judge. On April 23rd or 24th of this year, Judge Moultz rendered an expansive memorandum opinion in order, where in his opinion he deemed certain portions of the Collection Agency Act unconstitutional. I believe the Honorable Judge Moultz also certified some aspect of his ruling for potentially immediate review by the Illinois Supreme Court. I merely wanted to bring this new development to the Courtís attention, so you may do with it as you wish. Thank you, sir. Let me ask you this. Oh, excuse me. Do you know whether or not Defendant Mark Laskowski is a member of or unit holder of interests in 2010 ñ 2010 ñ 2010 real estate foreclosure LLC? I can answer that question with a no. He is not involved in the appellant entity. Thank you, Your Honors. Thank you for your time. Thank you. Okay. The Court is taking this case under advisement.